Filed 10/10/24 P. v. Vasquez CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G062435 |
| v. | (Super. Ct. No. 98ZF0020) |
| RAFAEL SOLIS VASQUEZ, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from a postjudgment order of the Superior Court of Orange County, Michael J. Cassidy, Judge. Affirmed.

Theresa Osterman Stevenson, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Collette C. Cavalier, Felicity Senoski and Nora S. Weyl, Deputy Attorneys General, for Plaintiff and Respondent.

Rafael Solis Vasquez appeals after the court denied his Penal Code section 1172.6 petition for resentencing at the prima facie stage.[1] Although the jury was not instructed on the felony-murder rule or the natural and probable consequences doctrine, Vasquez contends "the jury instructions and verdicts leave open the possibility that he was convicted of murder as an aider and abettor under a theory of imputed malice, and not based on the requisite actus reus to support a conviction for murder under current law." We disagree and affirm the order.

PROCEDURAL HISTORY

In 1998, Vasquez and six codefendants were charged in an amended indictment with conspiracy to commit murder (§§ 182, subd. (a)(1), 187, subd. (a); count 1), murder (§ 187, subd. (a); count 2), and participation in a criminal street gang (§ 186.22, subd. (a); count 3). The amended indictment also alleged the conspiracy and murder were committed for the benefit of a criminal street gang, Varrio Chico San Clemente (§ 186.22, subd. (b)(1)), and Vasquez and two codefendants personally used a knife in the commission of the murder (§ 12022, subd. (b)(1)).[2]

_____

[1] All statutory references are to the Penal Code.

[2] In charging Vasquez and his codefendants with conspiracy to commit murder, the amended indictment alleged numerous overt acts, inter alia: On October 6, 1996, members of the Varrio Viejo San Juan criminal street gang killed a member of their gang rival Varrio Chico San Clemente in a drive-by shooting. After this incident, members of Varrio Chico San Clemente, of which Vasquez was a member, planned to retaliate by killing members of Varrio Viejo San Juan. On October 6, 1997, the one-year anniversary of the homicide, Vasquez and other Varrio Chico San Clemente members traveled to San Juan Capistrano with the intention of killing a member of Varrio Viejo San Juan. On the same date, one of the Varrio Chico San Clemente members confronted the murder victim Miguel Gonzales, a member of Varrio Viejo San Juan.

In 2000, Vasquez was tried with codefendant Hugo Gutierrez Penuelas before a jury. The jury convicted Vasquez of all counts and found true the gang and weapon allegations.[3] The court sentenced Vasquez to prison for an indeterminate term of 25 years to life for the murder conviction and imposed a concurrent term of 25 years to life for the conspiracy to commit murder conviction. In addition to the indeterminate sentence on the murder conviction, the court imposed a consecutive two-year term for the gang enhancement and a consecutive one-year term for the weapon enhancement. The court imposed and stayed a two-year term (§ 654) on the conviction for active participation in a gang. Vasquez's counsel did not appeal from the judgment.

In 2022, Vasquez filed a petition for resentencing under former section 1170.95, seeking vacatur of his murder conviction and resentencing.[4] In the petition, he alleged he was convicted of murder under a theory of felony murder, the natural and probable consequences doctrine, or another theory where malice was imputed based solely on his participation in a crime. He also alleged he could not now be convicted of murder due to amendments to sections 188 and 189 effective January 1, 2019. The court appointed counsel to represent Vasquez.

The prosecution opposed Vasquez's petition, arguing he failed to make a prima facie showing of eligibility for relief. The prosecution asserted the record of conviction showed the jury found Vasquez possessed an intent to

---

[3] The jury's verdict did not identify the overt act it relied upon in convicting Vasquez of conspiracy to commit murder.

[4] Former section 1170.95 was renumbered section 1172.6 without substantive change in 2022. (Stats. 2022, ch. 58, § 10.) Hereafter, we refer to the statute as section 1172.6.

kill when it convicted him of first degree premeditated murder and conspiracy to commit murder, as the jury was not instructed on felony murder, the natural and probable consequences doctrine, or any theory where malice was imputed based solely on Vasquez's participation in a crime. Vasquez filed a reply, in which he asserted the jury instructions on conspiracy and murder permitted the jury to find him guilty based on the acts of others and under a theory of imputed malice.

After a hearing (§ 1172.6, subd. (c)), the court denied Vasquez's petition in a written order on the ground Vasquez had not made a prima facie case for relief. The court concluded Vasquez was not entitled to relief because he was convicted of both murder and conspiracy to commit murder, which required the jury to find he had an intent to kill. Vasquez timely appealed.

## DISCUSSION

Vasquez contends the court erred by denying his petition at the prima facie stage. He asserts the record of conviction did not conclusively establish he was ineligible for resentencing as a matter of law. The Attorney General argues the court properly denied the petition because Vasquez was convicted of first degree premeditated murder and conspiracy to commit murder, and the jury was not instructed on felony murder, the natural and probable consequences doctrine, or any other theory of imputed malice. We conclude Vasquez is ineligible for relief under section 1172.6 as a matter of law.

### I.

### SECTION 1172.6

Effective January 1, 2019, Senate Bill No. 1437 (2017–2018 Reg. Sess.) (Stats. 2018, ch. 1015; Senate Bill 1437) narrowed the scope of the felony-murder rule, with certain exceptions, and "eliminated liability for

4

murder as an aider and abettor under the natural and probable consequences doctrine." (*People v. Arellano* (2024) 16 Cal.5th 457, 468.) It did this by amending section 188, which defines malice, and section 189, the felony-murder statute. (*People v. Lewis* (2021) 11 Cal.5th 952, 959 (*Lewis*); *People v. Curiel* (2023) 15 Cal.5th 433, 448–449 (*Curiel*).) Senate Bill 1437 also created a procedure, in what is now section 1172.6, for defendants previously convicted of murder to obtain retroactive relief if they could not be convicted of murder under the amended law. (*Lewis,* at p. 957.) Subsequently, the Legislature extended relief to defendants convicted of murder under a theory in "which malice is imputed to a person based solely on that person's participation in a crime." (§ 1172.6, subd. (a); Sen. Bill No. 775 (2021–2022 Reg. Sess.); Stats. 2021, ch. 551, § 2.)

The procedure begins when a defendant previously convicted of a qualifying offense files a petition for relief in the superior court. (§ 1172.6, subds. (a), (b)(1).) Once a superior court receives the petition, it shall appoint counsel if requested by the petitioner. (§ 1172.6, subd. (b)(1)–(3).) After the prosecution has had an opportunity to file a response and the petitioner to file a reply, the court shall "hold a hearing to determine whether the petitioner has made a prima facie case for relief." (*Id.*, subd. (c).)

"At the prima facie stage, a court must accept as true a petitioner's allegation that he or she could not currently be convicted of a homicide offense because of changes to section 188 or 189 made effective January 1, 2019, unless the allegation is refuted by the record" of conviction. (*Curiel, supra*, 15 Cal.5th at p. 463.) "The record of conviction will necessarily inform the trial court's prima facie inquiry under section 117[2.6], allowing the court to distinguish petitions with potential merit from those that are clearly meritless." (*Lewis, supra,* 11 Cal.5th at pp. 971.) "It is only where the

5

record of conviction establishes the petition lacks merit *as a matter of law* that the court may deny the petition without a hearing." (*People v. Lopez* (2023) 88 Cal.App.5th 566, 576; accord *Lewis*, at p. 971 [if the record of conviction contains facts refuting the petition's allegations, the court may make an adverse credibility determination].) "[A]t this preliminary juncture, a trial court should not engage in 'factfinding involving the weighing of evidence or the exercise of discretion.'" (*Lewis*, at p. 972.) If the trial court denies the petition without issuing an order to show cause, it must state its reasons. (§ 1172.6, subd. (c).)

However, if the petitioner makes a prima facie showing of entitlement to relief, the court must issue an order to show cause. (§ 1172.6, subd. (c); *People v. Strong* (2022) 13 Cal.5th 698, 708.) Unless the parties stipulate the petitioner is eligible for relief, the court shall hold a hearing within the prescribed time to determine whether to grant the petitioner relief. (§ 1172.6, subd. (d)(1), (2).) "At the hearing to determine whether the petitioner is entitled to relief, the burden of proof shall be on the prosecution to prove, beyond a reasonable doubt, that the petitioner is guilty of murder . . . under California law as amended . . . ." (*Id.*, subd. (d)(3).)

A reviewing court conducts a de novo review of a trial court's denial of a section 1172.6 petition at the prima facie stage. (*Lewis, supra,* 11 Cal.5th at p. 961; *People v. Williams* (2022) 86 Cal.App.5th 1244, 1251.)

## II.

### VASQUEZ IS INELIGIBLE FOR RELIEF AS A MATTER OF LAW

Conducting a de novo review of the record of conviction, we conclude Vasquez is ineligible for resentencing relief under section 1172.6 as a matter of law.

At Vasquez's trial, the court instructed the jury on conspiracy to commit murder, murder, first degree premeditated murder, second degree murder, manslaughter (voluntary and involuntary), and aiding and abetting principles. The jury was also instructed on personal use of a deadly or dangerous weapon as to Vasquez. The jury was not instructed on felony murder, the natural and probable consequences doctrine, or any other theory of imputed malice.

The jury convicted Vasquez of first degree premeditated murder and conspiracy to commit murder. The jury either found Vasquez to be one of the perpetrators of the murder or he directly aided and abetted the perpetrator in the murder, both of which remain valid theories of liability under the amended law on murder. (*People v. Cortes* (2022) 75 Cal.App.5th 198, 205–206; *Curiel, supra*, 15 Cal.5th at p. 462 [direct aiding and abetting remains a valid theory].) By convicting Vasquez of conspiracy to murder a Varrio Viejo San Juan gang member and the murder of one, the jury necessarily found, under the instructions given, Vasquez harbored an intent to kill. As explained in *People v. Medrano* (2021) 68 Cal.App.5th 177: "'[A] conviction of conspiracy to commit murder requires a finding of intent to kill.' [Citation.] "'[A]ll conspiracy to commit murder is necessarily conspiracy to commit premeditated and deliberated first degree murder.'"" (*Id.* at p. 183; see also *People v. Lovejoy* (2024) 101 Cal.App.5th 860, 871 [defendant ineligible for relief because jury necessarily found she "personally possessed an intent to kill as part of a conspiracy to commit murder"].) The jury instructions and verdicts demonstrate Vasquez's murder conviction was not based on a theory of imputed malice. (See *People v. Medrano* (2024) 98 Cal.App.5th 1254, 1264 ["A person cannot be convicted of conspiracy to

7

commit first degree murder based on such 'imputed' malice"].) Vasquez is therefore ineligible for relief under section 1172.6.

Vasquez acknowledges the jury was not instructed on felony murder or the natural and probable consequences doctrine but argues the instructions given the jury "contained ambiguities that provided paths for his murder conviction to be based on imputed malice." He, therefore, contends the jury instructions and verdicts "do not conclusively negate his eligibility for resentencing under section 1172.6." He asserts these paths were in the jury instructions on murder and conspiracy to commit murder. He argues, alternatively, even if the record establishes he had the requisite mindset, it does "not prove he committed the necessary acts to subject him to murder liability under a direct aider and abettor theory." We reject these arguments, as we explain below.

*A. Conspiracy Instructions*

Vasquez contends the conspiracy instruction, as given, allowed the jury to impute malice to him for the acts of the actual killer or others and did not conclusively establish the jury found he had the requisite intent to kill at the time of the murder. We disagree.

The jury was instructed Vasquez was charged with conspiracy to commit murder and "[e]very person who conspires with another person or persons to commit the crime of murder is guilty of a . . . crime." (CALJIC No. 8.69.) The instruction explained: "A conspiracy to commit murder is an agreement entered into between two or more persons with the specific intent to agree to commit the crime of murder and with the further specific intent to commit that murder, followed by an overt act committed in this state by one or more of the parties for the purpose of accomplishing the object of the agreement. . . . [¶] The crime of conspiracy to commit murder requires proof

8

that the conspirators harbored express malice aforethought, namely, the specific intent to kill unlawfully another human being." (*Ibid.*) The instruction informed the jury of the elements of the offense of conspiracy to commit murder: "In order to prove this crime, each of the following elements must be proved: [¶] 1. Two or more persons entered into an agreement to kill unlawfully another human being; [¶] 2. Each of the persons specifically intended to enter into an agreement with one or more other persons for that purpose; [¶] 3. Each of the persons to the agreement harbored express malice aforethought, namely a specific intent to kill unlawfully another human being; and [¶] 4. An overt act was committed in this state by one or more of the persons who agreed and intended to commit murder." (*Ibid.*)

Vasquez contends the instruction on conspiracy to commit murder told the jury it could convict him of the offense if it found "two or more *persons* entered into an agreement to kill and harbored the intent to kill" and the conspiracy instruction "did not specifically tell the jury it must find that Vasquez harbored the specific intent to kill" at the time of the murder. He asserts "it was possible the jury could have found [him] guilty of conspiracy based on his agreement in 1996 and the commission of any of the overt acts as long as two or more of the persons to the agreement harbored express malice even if [he] himself did not have the requisite *mens rea* at the time of the killing."

Assessing the jury instructions as a whole (*People v. Tran* (2022) 13 Cal.5th 1169, 1199), we conclude the instructions did not permit the jury to impute malice to Vasquez in finding him guilty of conspiracy to commit murder. The court provided the jury several instructions on conspiracy: joint responsibility in a conspiracy (CALJIC No. 6.11); proof of an express agreement not necessary for conspiracy (CALJIC No. 6.12); association with

9

alleged members of a conspiracy does not prove by itself that a person was a member of the conspiracy (CALJIC No. 6.13); person need not know all coconspirators to be guilty of conspiracy (CALJIC No. 6.14); conspirators not liable for act or declaration of coconspirator that is not in furtherance of the object of the conspiracy (CALJIC No. 6.16); commission of an act in furtherance of an alleged conspiracy does not prove the person committing the act was a member of the conspiracy (CAJIC No. 6.18); withdrawal from a conspiracy (CALJIC No. 6.20); liability for actions committed by a conspirator after the conspiracy has been terminated (CALJIC No. 6.21); the overt acts alleged as to the conspiracy to commit murder (CALJIC No. 6.23); and admissibility of coconspirator's statements (CALJIC No. 6.24). The court also instructed the jury: "Each defendant in this case is individually entitled to, and must receive, your determination whether he was a member of the alleged conspiracy. As to each defendant you must determine whether he was a conspirator by deciding whether he willfully, intentionally and knowingly joined with any other or others in the alleged conspiracy." (CALJIC No. 6.22.) The jury was further instructed that an agreement among gang members to support one another in a gang fight was insufficient by itself to prove the agreement required for a conviction of conspiracy to commit murder.

It is not reasonably likely the jury read these instructions as permitting Vasquez to be convicted of conspiracy to commit murder without finding he personally had the intent to kill. The jury was informed of its responsibility to determine whether Vasquez was a member of the alleged conspiracy and the alleged crime of conspiracy to commit murder required a finding each person in the agreement had a specific intent to kill. On this record, the jury's verdict on the charge of conspiracy to commit murder establishes Vasquez is ineligible for resentencing relief on his murder

10

conviction under section 1172.6. (See *People v. Medrano, supra*, 68 Cal.App.5th p. 179 [relief unavailable to defendant "concurrently convicted of first degree murder and conspiracy to commit first degree murder where both convictions involve the same victim"].)[5]

*B. Murder Instructions*

Vasquez raises three claims concerning the murder instructions; the first two pertain to the instruction on first degree premeditated murder and the third on second degree implied malice murder. However, these contentions do not persuade us his murder conviction was based on imputed malice.

First, Vasquez notes the instruction on first degree premeditated murder, which was a part of the record provided to the superior court to make its prima facie determination on his section 1172.6 petition, was incomplete. He contends the record was therefore insufficient to conclusively establish his ineligibility for resentencing. We disagree.

In its opposition to Vasquez's petition, the prosecution attached, as an exhibit, the instructions provided to the jury at Vasquez's trial. The instruction on first degree premeditated murder does appear to be incomplete

---

[5] A conviction for conspiracy to commit murder is ineligible for resentencing relief under section 1172.6. (*People v. Whitson* (2022) 79 Cal.App.5th 22, 34–35.)

as a portion of the language discussing reflection is missing.[6] But the missing text did not impair the court's ability to determine whether the record of conviction established Vasquez's ineligibility for relief under section 1172.6 as matter of law.

Second, Vasquez asserts the first degree premeditated murder instruction did not require the jury to find he "*personally* premeditated and deliberated the killing to find him responsible for first degree murder; it only required the jury to find the 'slayer' had done so." The instruction the jury received on premeditation and deliberation (CALJIC No. 8.20) provided in relevant part: "If you find that the killing was preceded and accompanied by a clear, deliberate intent on the part of the *defendant* to kill, which was the result of deliberation and premeditation, so that it must have been formed upon pre-existing reflection and not under a sudden heat of passion or other condition precluding the idea of deliberation, it is murder of the first degree." (Italics added.) But, as Vasquez correctly notes, the instruction also provided: "To constitute a deliberate and premeditated killing, the *slayer* must weigh and consider the question of killing and the reasons for and against such a choice and, having in mind the consequences, [he] decides to and does kill." (Italics added.) The jury was instructed "'defendant'" in the instructions referred to each defendant in the case. Again, reading the jury instructions as

---

[6] The text at the end of the first page of the instruction does not correspond to the text at the beginning of the second page. The language missing from the instruction is italicized here: "The true test is not the duration of time, but rather the extent of the reflection. A cold, *calculated judgment and decision may be arrived at in a short period of time, but a mere unconsidered and rash impulse, even though it includes an intent to kill, is not deliberation* and premeditation as will fix an unlawful killing as murder of the first degree." (CALJIC No. 8.20.)

12

a whole, the jury had to find Vasquez had an intent to kill to convict him of first degree premeditated murder.

Third, Vasquez contends "the jury instructions on implied malice and aider and abettor liability left open the possibility that the jury imputed malice in finding [him] guilty of murder." We agree with the Attorney General any issues concerning instructions on implied malice murder are immaterial because the verdicts establish the jury found Vasquez harbored an intent to kill (express malice) when it found him guilty of first degree premeditated murder.

*C. The Record of Conviction Establishes Vasquez Is Not Entitled To Relief*

Vasquez contends even if the record of conviction establishes the jury found he had the requisite intent, there was no evidence of the requisite actus reus. He asserts the court should have issued an order to show cause because the record of conviction was insufficient to prove "he committed the necessary acts to subject him to murder liability under a direct aider and abettor theory." Vasquez's argument is premised on *Curiel, supra*, 15 Cal.5th 433, a recent decision by the California Supreme Court. We conclude *Curiel* is distinguishable.

In *Curiel*, the defendant was convicted in 2006 of first degree murder and the jury found true a gang-murder special-circumstance allegation, which required the defendant have the specific intent to kill. (*Curiel, supra*, 15 Cal.5th at p. 440.) The jury in *Curiel* was instructed on direct aiding and abetting and aiding and abetting based on the natural and probable consequences doctrine for the murder charge (*id.* at pp. 445–446), but the jury was not required to identify which theory it used to reach its verdict of first degree murder (*id.* at p. 467). The California Supreme Court concluded the trial court erred by denying the defendant's section 1172.6

13

petition at the prima facie stage. (*Curiel*, at p. 441.) While the special circumstance's intent to kill finding established the mens rea element of direct aider and abettor liability for murder, the instructions and verdict did not conclusively establish the actus reus element. (*Id.* at pp. 441, 467.)

Here, unlike *Curiel*, the jury was not instructed on the natural and probable consequences doctrine. The jury was instructed on direct aiding and abetting, murder, and conspiracy to commit murder. Because the only theories of liability the jury was instructed on remain valid under the amended law (and required the jury find the requisite actus reus), Vasquez is not entitled to relief under section 1172.6. (See *People v. Allen* (2023) 97 Cal.App.5th 389, 395.) Accordingly, the trial court properly denied Vasquez's petition for resentencing at the prima facie stage of the proceedings.

## DISPOSITION

The postjudgment order denying Vasquez's section 1172.6 petition for resentencing is affirmed.


MOTOIKE, J.

WE CONCUR:


MOORE, ACTING P. J.


GOODING, J.

14